PER CURIAM.
 

 Petitioner seeks certiorari review of his motion to disqualify counsel for respondent, William F. Murphy, based on prior cases in which Mr. Murphy had represented the petitioner. The trial court initially granted the motion to disqualify, but, after the filing of a motion for reconsideration and rehearing, the court vacated the order of disqualification.
 

 Petitioner relies on Rule 4-1.7(a) of the Rules Regulating the Florida Bar as the basis for Mr. Murphy’s disqualification. Rule 4-1.7(a) provides:
 

 Representing Adverse Interests. Except as provided in subdivision (b), a lawyer shall not represent a client if:
 

 (1) the representation of 1 client will be directly adverse to another client; or
 

 (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer’s responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
 

 This rule governs conflicts between attorneys and existing, as opposed to former, clients. Rule 4-1.9 governs conflicts between attorneys and former clients. Since, in the court below, petitioner sought disqualification of Mr. Murphy based solely on rule 4-1.7(a), we need not address the applicability, if any, of rule 4-1.9.
 

 The record before us is devoid of any evidence that petitioner was an existing client of Mr. Murphy at the time of the instant litigation. On its face, rule 4-1.7 is titled as applying only to “Current Clients.” Indeed, no court has applied rule 4-1.7 to cases involving any individual or entity that is not a current client.
 
 See, e.g., Fenik v. One Water Place,
 
 No. 3:06cv514/RV/EMT, 2007 WL 527997, at *2 (N.D.Fla. Feb. 14, 2007) (describing rule 4-1.7 as governing disqualification for con
 
 *1281
 
 flicts of interest with a
 
 current
 
 client as and rule 4-1.9, as governing disqualification for conflicts of interests with
 
 & former
 
 client);
 
 In re Servico, Inc.,
 
 149 B.R. 1009, 1011 (Bankr.S.D.Fla.1993) (“Rule 4-1.7 regulates conflicts of interest between existing clients, as opposed to former clients, which are regulated by Rule 4-1.9.”). Given that petitioner has not shown that he is a current client of Mr. Murphy, it cannot be said that the trial court departed from the essential requirements of law in finding no conflict under rule 4-1.7.
 

 Petition Denied.